IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CORTEZ WILLIE SHIELDS,

                Plaintiff,

v.

DANE COUNTY JAIL MENTAL HEALTH
DEPT, MENTAL HEALTH DIRECTOR, LT. TONY,
SARAH *Mental Health Director*, CAPT ANNHALT,
MHP SARAH, DO A C ROUNDS, UNKNOWN, *sued as
Mental Health Initials "NM"*, UNKNOWN, *sued as
Mental Health Initials "SL"*, UNKNOWN, *sued as Mental
Health Initials "AB"*, UNKNOWN, *sued as Mental Health
Initials "AS"*, and UNKNOWN, *sued as Mental Health
Initials "GM"*,

                Defendants.

OPINION AND ORDER

17-cv-266-wmc

---

*Pro se* plaintiff Cortez Willie Shields brings this action under 42 U.S.C. § 1983, alleging violations of his constitutional rights against defendant Dane County Jail Mental Health Department and certain of its employees, based on their requirement that he talk about his mental health needs through a food slot within earshot of other inmates. (Compl. (dkt. #1).) Because Shields is incarcerated and is seeking redress from a governmental employee, the Prison Litigation Reform Act ("PLRA") requires the court to screen his complaint and dismiss any portion that is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A. For the reasons that follow, the court will deny him leave to proceed, but without prejudice to him filing an amended complaint that meets the requirements of Federal Rule of Civil Procedure 8.

ALLEGATIONS OF FACTS[1]

Shields' complaint is quite thin on facts that might support of his claim. Instead, he devotes most of the complaint addressing the nature of his constitutional claims and his request for a monetary remedy. While listing a number of putative defendants in the caption, Shields simply alleges that defendants collectively violated his constitutional right to privacy by requiring him to talk about his mental health issues through a food slot with other inmates in close proximity.

OPINION

As best as the court can discern, plaintiff seeks to assert a claim based on his right to privacy with respect to medical information. Likely Shields is familiar with the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and may be attempting to assert a statutory claim or bootstrap a constitutional claim based on his HIPAA rights. HIPAA provides both civil and criminal penalties for improper disclosures of protected information, but limits enforcement of the statute to the Secretary of Health and Human Services. 42 U.S.C. §§ 1320d-5(a)(1), 1320d-6. There is no express language conferring a private right or remedy for disclosure of confidential medical information. Thus, courts have uniformly held that HIPAA did not create a private cause of action or an enforceable right for purposes of a suit under 42 U.S.C. § 1983. *See Carpenter v. Phillips*, 419 F. App'x 658, 659 (7th Cir. 2011); *see also Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir. 2010); *Seaton*

---

[1] In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously, resolving ambiguities and making reasonable inferences in plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

*v. Mayberg*, 610 F.3d 530, 533 (9th Cir. 2010); *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 n.4 (10th Cir. 2010); *Sneed v. Pan American Hosp.*, 370 F. App'x 47, 50 (11th Cir. 2010); *Acara v. Banks*, 470 F.3d 569, 570-72 (5th Cir. 2006) (citations omitted).

As for a constitutional claim, the United States Supreme Court has held that an inmate has no reasonable expectation of privacy, at least under the Fourth Amendment. *See Hudson v. Palmer*, 468 U.S. 517, 527-28 (1985) (holding that "right of privacy in traditional Fourth Amendment terms is fundamentally incompatible with the close and continual surveillance of inmates and their cells required to ensure institutional security and internal order"). As this court has acknowledged, however, *Hudson* concerned privacy interests with respect to an inmate's prison cell, and it *may* be distinguishable from privacy interests inherent in personal medical information. *See Franklin v. Wall*, No. 12-CV-614-WMC, 2013 WL 1399611, at *3 (W.D. Wis. Apr. 5, 2013). Nonetheless, at least in prisons, the Seventh Circuit has concluded that there is no clearly established constitutional right to the confidentiality of medical records. *See Anderson v. Romero*, 72 F.3d 518, 523 (7th Cir. 1995) (affirming grant of qualified immunity based on claim that defendants had disclosed inmate's HIV-positive status).

As this court acknowledged in *Anderson*, the required disclosure of sensitive medical information may nevertheless give rise to an Eighth Amendment claim, if, for example, it were done solely for the purpose of humiliating the inmate. *See Anderson*, 72 F.3d at 523; *see also Franklin*, 2013 WL 1399611, at *3. Here, however, plaintiff fails to allege sufficient, specific facts suggesting that any of the defendants' conduct might fall within this narrow window. *See Whitley v. Albers*, 475 U.S. 312, 319 (1986) ("To be cruel and unusual

punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety . . . . It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause[.]").

Specifically, plaintiff must allege what information he was required to reveal, to whom, under what circumstances, and the reason provided by that specific defendant, if any, for requiring him to talk about his medical needs through the food slot. *See Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006) (Federal Rule of Civil Procedure 8(a) requires a "'short and plain statement of the claim' sufficient to notify the defendants of the allegations against them and enable them to file an answer."). Moreover, plaintiff must also allege in good faith which of the defendants listed at the top of his complaint required him to disclose medical information solely for purpose of humiliating him. *See Zimmerman v. Tribble*, 226 F.3d 568, 574 (7th Cir. 2000) (explaining that to demonstrate liability under 42 U.S.C. § 1983, a plaintiff must allege sufficient facts showing that an individual personally caused or participated in a constitutional deprivation); *Walker v. Taylorville Correctional Ctr.*, 129 F.3d 410, 413 (7th Cir. 1997) (noting that "personal involvement" is required to support a claim under § 1983).[2]

---

[2] In his complaint, Shields mentions in passing that defendants violated his rights by "failing to address my mental health issues," but does not provide any detail as to whether he was denied treatment (or just found the requirement of having to speak publicly about his mental health needs intolerable), and if he was denied treatment, for what, at what times, and by whom. To the extent that he seeks to plead a claim based on a denial of mental health treatment separate and apart from his privacy claim, he must allege sufficient facts to meet the requirement of Federal Rule of Civil Procedure 8.

4

If Shields opts to file an amended complaint, he should draft it as if he is telling a story to someone who knows nothing about his situation. This means he should explain: (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who did it; (4) why; and (5) how the court can assist him in relation to those events. He should take care to identify each defendant and the specific actions taken by each defendant that he believes violated his rights. Finally, Shields should set forth his allegations in separate, numbered paragraphs using short and plain statements.

After he finishes drafting the complaint, Shields should review it and consider whether it could be understood by someone who is not familiar with the facts of his case. If not, he should make necessary changes. Shields may have until November 26, 2018, to provide an amended complaint that complies with these instructions. If he does not file an amended complaint by that date, the court will close this case.

ORDER

IT IS ORDERED that:

1) Plaintiff Cortez Willie Shields' motion for leave to proceed (dkt. #2) is DENIED without prejudice.

2) Plaintiff may have until **November 26, 2018**, to filed an amended complaint that complies with Federal Rule of Civil Procedure 8 as described above in this opinion. **If plaintiff fails to respond by that date, the clerk of court is directed to close this case.**

Entered this 26th day of October, 2018.

BY THE COURT:
/s/
WILLIAM M. CONLEY
District Judge