IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CORTEZ WILLIE SHIELDS,

                      Plaintiff,

    v.

LT. TONY, SARAH L., *Mental Health Director*,
CAPT ANNHALT, MHP SARAH, UNKNOWN,
and UNKNOWN, *sued as Initials "BBK"*,

                      Defendants.

OPINION AND ORDER

17-cv-266-wmc

---

In a prior opinion and order, the court denied *pro se* plaintiff Cortez Willie Shields leave to proceed on a claim that defendant Dane County Jail Mental Health Department and certain of its employees violated his constitutional rights by requiring him to talk about his mental health needs through a food slot within earshot of other inmates. (10/26/18 Op. & Order (dkt. #14).) The court, however, granted Shields leave to file an amended complaint in compliance with Federal Rule of Civil Procedure 8. Shields timely filed an amended complaint, which is now before the court for screening pursuant to the Prison Litigation Reform Act ("PLRA"), which requires the court to screen his complaint and dismiss any portion that is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A. For the reasons that follow, the court will allow him to proceed against some of the defendants on a Fourteenth Amendment or Eighth Amendment claim.

ALLEGATIONS OF FACTS[1]

In his amended complaint -- which unfortunately still paints a somewhat incomplete picture -- Shields alleges that Dane County Jail mental health providers Sarah L., Tony, Sarah April and an individual identified by the initials "BBK" refused to provide adequate mental health care by requiring Shields to talk about his mental health needs, and, specifically, private matters concerning recent deaths of family members and being molested as a child, through a food slot.[2] He alleges that these incidents happened in October 2016, and attaches a mental health request form consistent with these allegations to his amended complaint. (Am. Compl., Ex. 2 (dkt. #15-2).) Plaintiff also attaches a response to a grievance signed by B. Wiersma, in which he or she explains,

> Mr. Shields, confidentiality is protected as much as possible in the correctional environment. Safety and security are the primary concern in this environment. It is not common practice for mental health to pull patients out of their cell blocks as there is limited space to conduct private interviews.

(*Id.*, Ex. 1 (dkt. #15-1).)

OPINION

I. Possible Claim based on Privacy Interests

In its prior order, the court explained to Shields that there is no private right of action under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"),

---

[1] In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously, resolving ambiguities and making reasonable inferences in plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

[2] Plaintiff also mentions an individual "GM," but does not include any allegations specific to him or her.

but indicated that the required disclosure of sensitive medical information may nevertheless give rise to an Eighth Amendment claim, if, for example, it were done solely for the purpose of humiliating the inmate. *See Anderson v. Romero*, 72 F.3d 518, 523 (7th Cir. 1995); *see also See Franklin v. Wall*, No. 12-CV-614-WMC, 2013 WL 1399611, at *3 (W.D. Wis. Apr. 5, 2013).

The allegations in the amended complaint do not give rise to a reasonable inference that defendants required Shields to disclose personal, private information for the purpose of humiliating him. A reasonable inference -- and one supported by the response to his grievance attached to his complaint -- is that Dane County jail staff screen inmates for mental health needs in their cells, without removing them, for safety and security reasons, not to humiliate them or otherwise intentionally violate privacy interests. As such, the court will deny Shields leave to proceed on a claim based on a violation of his limited rights to privacy.

**II. Denial of Mental Health Treatment**

In its prior opinion and order, the court also noted that, separate from Shields' concerns about privacy, plaintiff may also have a claim based on a denial of mental health treatment. Reading plaintiff's allegations generously, the court concludes that defendants' alleged requirement that he discuss his mental health needs through a food slot, within earshot of other inmates, effectively denied him mental health treatment. As an initial matter, he does not allege whether he was a pretrial detainee or a convicted prisoner when he was injured, and this fact is relevant to the legal standard that applies to his claims. If he is a detainee, his claims are governed by the due process clause of the Fourteenth

Amendment; if he is a prisoner, then his claim is governed by the Eighth Amendment. *Smith v. Dart*, 803 F.3d 304, 309–10 (7th Cir. 2015).

Historically, the Seventh Circuit has applied the Eighth Amendment standard to detainee's constitutional claims related to medical care and conditions of confinement, but it recently changed course based on the Supreme Court's reasoning in *Kingsley v. Hendrickson* that excessive force claims by pretrial detainees are governed by the due process clause of the Fourteenth Amendment, and that the standard is whether the defendant's actions were objectively unreasonable given the circumstances. 135 S. Ct. 2466, 2475 (2015). Specifically, in *Miranda v. County of Lake*, 900 F.3d 335, 352-53 (7th Cir. 2018), the Seventh Circuit extended the logic in *Kingsley* to medical care claims. Therefore, under *Kingsley* and *Miranda*, the failure to provide medical care or adequate conditions of confinement violates the Due Process Clause if: (1) the defendants acted with purposeful, knowing, or reckless disregard of the consequences of their actions; and (2) the defendants' conduct was objectively unreasonable. *Id.* at 352–53. While it is not enough to show negligence, the plaintiff is not required to prove a defendant's subjective awareness that the conduct was unreasonable. *Id.* at 353.

Given plaintiff's placement in a jail, it is reasonable to infer that he was a pretrial detainee at the time of the events. *Turner v. Delaware Cty. Jail*, No. 119CV00761TWPMJD, 2019 WL 1077621, at *1 (S.D. Ind. Mar. 7, 2019) ("Although the complaint does not clarify Mr. Turner's status, the Court presumes that he is confined at the Jail as a pretrial detainee."). Plaintiff alleges that defendants Sara L., Tony, Sarah April and "BBK" "refuse[d] to call me out" of the cell, requiring him to "talk through the

4

food slot . . . loud enough for all inmates in the cell block 609 to he[ar] my personal mental issues [a] number of times." (Compl. (dkt. #4-5).) He further alleges that he was crying and attempting to discuss private matters, including being molested as a child, and that he suffers from mental illness, including that he has bipolar disorder. These allegations are sufficient to satisfy at the pleading stage that each of these defendants acted with reckless disregard of the consequences of their actions, namely that requiring Shields to discuss private matters within earshot of other inmates would effectively deny him mental health care, and that such actions were objectively unreasonable.

If Shields was a convicted inmate at the time of the events in his complaint, then the Eighth Amendment governs his claim, and that standard is decidedly more deferential to prison officials. A prison official who violates the Eighth Amendment in the context of a prisoner's medical treatment demonstrates "deliberate indifference" to a "serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *see also Forbes v. Edgar*, 112 F.3d 262, 266 (7th Cir. 1997). For a prisoner to demonstrate that his conditions of confinement violate the Eighth Amendment, he must allege facts sufficient to satisfy a test involving both an objective and a subjective component. *Farmer*, 511 U.S. 825, 832 (1994). The objective analysis concerns whether jail conditions result "in the denial of 'the minimal civilized measure of life's necessities,'" *id.* (quoting *Rhodes*, 452 U.S. 337, 347 (1981)), or "exceed[] contemporary bounds of decency of a mature, civilized society." *Lunsford v. Bennett*, 17 F.3d 1574, 1579 (7th Cir. 1994). The subjective component requires an allegation that jail officials acted with deliberate indifference to a substantial risk of serious harm to the plaintiff. *Id.* "Deliberate indifference" means that the officials knew that the

5

plaintiff faced a substantial risk of serious harm yet disregarded that risk by failing to take reasonable measures to address it. *Farmer*, 511 U.S. at 845–46. Thus, it is not enough if a plaintiff alleges that a defendant acted negligently or should have known of the risk. *Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004).

While a closer call, the court concludes that plaintiff has also alleged sufficient facts to go forward on an Eighth Amendment claim in the alternative. Plaintiff alleges that he suffers from an array of mental health disorders, including bipolar disorder, and that he was distressed, including crying, at the time he sought mental health treatment, thus satisfying, for purposes of pleading, the serious medical need requirement. *See Meriwether v. Faulkner*, 821 F.2d 408, 413 (7th Cir. 1987) ("Courts have repeatedly held that treatment of a psychiatric or psychological condition may present a 'serious medical need' under the *Estelle* formulation."). Plaintiff further alleges that he sought mental health care, thus alerting defendants to his need for treatment, and also told them that their method of providing care, requiring him to speak through a food slot, was unworkable. Again, construing all reasonable inferences in plaintiff's favor, the court concludes that as mental health providers, defendants' requirement that plaintiff reveal private details to access mental health requirements was "blatantly inappropriate." *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) (internal quotations omitted).

While the court will permit plaintiff to proceed on a Fourteenth Amendment or Eighth Amendment claim based on the alleged denial of mental health treatment, the court hastens to add that clearing this initial screening issue for these defendants does not relieve plaintiff of the burden to come forward with concrete evidence as this case progresses. For

example, at summary judgment or trial, it will be plaintiff's burden to show that a reasonable jury could find in his favor on each element of his claim. *Henderson v. Sheahan*, 196 F.3d 839, 848 (7th Cir. 1999). In particular, plaintiff will have to show that each defendant's conduct was "blatantly inappropriate" under the Eighth Amendment, *see Snipes*, 95 F.3d or 592, or "objectively unreasonable" under the Fourteenth Amendment, *see Miranda*, 900 F.3d at 352-53. This may even require his introducing expert opinions that only a medical doctor can provide. *See Ledford v. Sullivan*, 105 F.3d 354, 358-59 (7th Cir. 1997) (distinguishing between deliberate indifference cases where an expert is unnecessary and those where the jury must consider "complex questions concerning medical diagnosis and judgment").

### III. Supervisory Liability

Plaintiff also seeks to assert a claim against Jail Captain Annhalt, on the basis that he "constantly complained by grievance," but he does not allege that Annhalt was aware of his grievances, and the grievance submitted with his complaint suggests that he was not, having been reviewed by B. Wiersma. Since "individual liability under § 1983 requires personal involvement in the alleged constitutional violation," *Minix v. Canarecci*, 597 F.3d 824, 833-34 (7th Cir. 2010), Annhalt will be dismissed. To the extent that plaintiff has named Jail Captain Annhalt due to his supervisory position, he still cannot proceed against them. A supervisory defendant cannot be held liable under § 1983 for a subordinate's conduct simply because of his or her position as a supervisor. *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). To maintain a claim against a supervisory defendant, plaintiff must allege facts showing that the supervisor had sufficient personal responsibility

7

in the allegedly unconstitutional conduct. Said another way, the facts must support a finding that the supervisor "directed the conduct causing the constitutional violation, or . . . it occurred with [his] knowledge or consent." *Sanville v. McCaughtry*, 266 F.3d 724, 739-40 (7th Cir. 2001) (internal citations omitted). Since plaintiff does not allege that Annhalt was aware of plaintiff's attempts to obtain mental health treatment, plaintiff may not proceed against him and he will be dismissed from this lawsuit.

ORDER

IT IS ORDERED that:

1) Plaintiff Cortez Willie Shields is GRANTED leave to proceed on a Fourteenth Amendment or Eighth Amendment claim based on the denial of mental health treatment against defendants Sarah L., Lt. Tony, Sarah April and BBK.

2) Plaintiff is DENIED leave to proceed on all other claims. Defendants Dane County Jail Mental Health Department, Mental Health Director, Capt. Annhalt, Do A C Rounds and the other unknown defendants identified by their initials are DISMISSED from this case.

3) The clerk's office will prepare a summons and the U.S. Marshal Service shall effect service upon defendants. The court recognizes that the defendants are named by their first names or initials. In light of the fact that these individuals appear to be implicated in providing mental health services at Dane County Jail, the court requests that the U.S. Marshal Service use its best efforts to identify and serve the named defendants.

4) For the time being, plaintiff must send defendants a copy of every paper or document he files with the court. Once plaintiff has learned what lawyer will be representing defendants, he should serve the lawyer directly rather than defendant. The court will disregard any documents submitted by plaintiff unless plaintiff shows on the court's copy that he has sent a copy to defendant or to the defendant's attorney.

5) Plaintiff should keep a copy of all documents for his own files. If plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of his documents.

6) If plaintiff is transferred or released while this case is pending, it is his obligation to inform the court of his new address. If he fails to do this and defendants or the court are unable to locate him, his case may be dismissed for failure to prosecute.

Entered this 28th day of June, 2019.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge